# FILED

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

JUN - 8 2007

CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| KENNETH HOWARD, | * | CIV 06-4190 |
| Petitioner, | * | MEMORANDUM OPINION |
| -vs- | * | AND ORDER |
| J.D. WHITEHEAD, Warden, Yankton Prison Camp, | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Petitioner, Kenneth Howard, an inmate at the Federal Prison Camp in Yankton, South Dakota, petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2241. This Court, on its own motion, ordered Howard's and other prisoners' cases which involved the same issue consolidated, with all filings in any of the cases to be made in Civil No. 06-416.The common issue in the prisoners' cases was whether the refusal to allow inmates to be eligible for halfway house placement beyond 180 days in the absence of "extraordinary justification" is contrary to the rulings in *Fults v. Sanders,* 442 F.3d 1088 (8th Cir. 2006), and *Elwood v. Jeter,* 386 F.3d 842 (8th Cir.2004). A memorandum opinion and judgment was filed in the consolidated case in which this Court concluded that the Bureau of Prisons had not acted contrary to law in restricting halfway house placements beyond 180 days to those cases demonstrating extraordinary justification. Petitioner and other prisoners appealed from this judgment and the consolidated case is now on appeal to the Eighth Circuit Court of Appeals.

In addition to the common issue presented in the consolidated case, Howard's individual petition has raised the issue of whether the Bureau of Prisons improperly refused to redesignate him to the institution from which he was transferred. This Court, in an earlier order, directed the party to file further documents to develop the facts and law supporting this issue. Both parties have filed their submissions.

## FACTUAL BACKGROUND

Petitioner was sentenced by the United States District Court for the Eastern District of Missouri to 108 month for possession with intent to distribute cocaine. When sentenced, Petitioner received a two-point sentencing enhancement for firearms. In January of 2006, while incarcerated at the Federal Prison Camp (FPC) in Marion, Illinois, Petitioner made a written request for participation in a Residential Drug Abuse Treatment Program (RDAP). The Federal Prison Camp in Marion, Illinois does not have a RDAP, and because of the firearms enhancement Petitioner is ineligible for the early release incentive of the RDAP. A January 20, 2006, entry in the computerized Psychology Data System of the Bureau of Prisons (BOP) states:

> It should be noted that [Petitoner] previously was unable to make up his mind about going to the program since he has a two-point enhancement and is not eligible for early release consideration. He has now made a commitment to follow through with the programming even though he is not eligible for early release.

Petitioner was transferred to the FPC in Yankton, South Dakota, on March 28, 2006, so that he could participate in that institution's RDAP. On April 13, 2006, Petitioner declined to participate in the RDAP. Petitioner then requested but was denied his request to be transferred back to the FPC in Marion, Illinois. Respondent admits that BOP records confirm Petitioner has exhausted his administrative remedies by seeking a formal review of his complaint of the refusal to transfer him back to to the FPC in Marion, Illinois through the BOP's three-level administrative remedy process.

## WHETHER PETITIONER HAS A RIGHT TO BE TRANSFERRED BACK TO THE FEDERAL PRISON CAMP IN MARION, ILLINOIS ?

In support of his argument that he is entitled to be returned to the FPC in Marion, Illinois, Petitioner relies upon Program Statement 5330.10, § 2.3.7, which provides:

> If an inmate is transferred to an institution for residential treatment and then fails to enter that program, is expelled from that program, or withdraws from that program, he/she shall be redesignated for return to the institution from which he/she was received.

Even if the Court were to assume that "redesignated for return to the institution" means "returned to the institution" and that the decision to not return Petitioner to the FPC in Marion, Illinois, violates the above Program Statement, Petitioner has not presented a substantial

2

infringement of a constitutional right which would entitle him to relief under 28 U.S.C. § 2241. An inmate has no justifiable expectation that he will be incarcerated in any particular prison so as to implicated the Due Process Clause even when a transfer involves long distances. *See Olim v. Wakinekona*, 461 U.S. 238, 247 (1983). Due process liberty interests created by prison regulations are generally limited to freedom from restraint which, while not exceeding a sentence in such an unexpected manner as to give rise to protection by the due process clause of its own force, nonetheless impose atypical and significant hardship on a prisoner in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 481-484 (1995)( "shifting the focus of the liberty interest inquiry to one based on the language of a particular regulation, and not the nature of the deprivation ... encourage[s]prisoners to comb regulations in search of mandatory language on which to base entitlements ").[1]

---

[1]18 U.S.C.A. § 3621(b) provides:

 The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence--

> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

> (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.

There has been no showing that the Bureau of Prisons has violated the above statute in designating and redesignating Petitioner's place of imprisonment.

3

In his reply to Respondent's supplemental response, Petitioner states that he "clearly understands that no inmate has the right to serve his prison sentence at any specific institution." Doc. 10. Petitioner then registers new complaints about the administration of the RDAP at the Yankton FPC. As is true of Petitioner's complaint regarding the refusal to transfer him back to Illinois, none of these new complaints present a substantial infringement of a constitutional right which would entitle Petitioner to relief under 28 U.S.C. § 2241.   Accordingly,

IT IS ORDERED that Petitioner's petition for relief under 28 U.S.C. §2241 is denied.

Dated this _____ day of June, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)       DEPUTY :

4